UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

　　v.                                           Criminal No. 15-cr-60-JD
                                                Opinion No. 2021 DNH 029
Rafael Beamud

O R D E R

　　Rafael Beamud moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to be released from prison or to have his sentence reduced based on the risks presented by the COVID-19 pandemic in combination with his medical conditions and the changes made by the First Step Act to sentencing under 18 U.S.C. § 924(c).[1]  The government objects to relief under § 3582(c)(1)(A).  United States Probation and Pretrial Services has filed a report.

Standard of Review

　　A court may reduce an inmate's sentence if the inmate establishes an extraordinary and compelling reason for the reduction and if the reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and applicable policy statements issued by the Sentencing Commission.  § 3582(c)(1)(A).  Because the Sentencing Commission has not released an updated policy

---

　　[1] After Beamud filed a pro se motion, counsel was appointed to represent him, and counsel filed a supplemental motion.

statement since enactment of the First Step Act, courts continue to use its most recent statement from November of 2018, U.S.S.G. § 1B1.13, without the limitation to the Director of the Bureau of Prisons.  See, e.g., United States v. Gonzalez, 2021 WL 135772, at *1 (D. Mass. Jan. 14, 2021); United States v. Vigneau, 473 F. Supp. 3d 31, 35 (D.R.I. 2020).  That policy statement is clarified in the commentary, which states that an extraordinary and compelling reason may exist based on a serious physical or medical condition, age of the defendant, family circumstances, or another reason or reasons, as determined by the court.  § 1B.13, cmt. n.1 (A-D).  United States v. Manning, 2021 DNH 006, 2021 WL 77149, at *1 (D.N.H. Jan. 8, 2021); Vigneau, 473 F. Supp. 3d at 36.

## Background

In May of 2015, Beamud pleaded guilty to a charge of using and carrying a firearm during a crime of violence and a charge of controlled substance robbery using a dangerous weapon.  Those charges arose from armed robberies of pharmacies in Nashua and Manchester.  He was sentenced to a term of 300 months plus one day, to be served consecutive to a 141-month sentence imposed in the District of Massachusetts.

Beamud's criminal history begins in 1998 with disorderly conduct and assault and battery.  Over the next fifteen years, Beamud amassed criminal convictions that include credit card misuse, breaking and entering, possession and distribution of drugs, and armed robbery.

The crimes of conviction occurred in March and April of 2013 when Beamud robbed CVS pharmacies in Nashua and Manchester.  On each occasion, Beamud confronted the pharmacist and demanded Percocet pills.  Beamud was armed with a handgun during both robberies.  He took a large quantity of oxycodone pills from the pharmacy in Nashua and oxycodone and morphine pills from the pharmacy in Manchester.

The pharmacy robberies were part of a robbery spree, which included armed bank robberies in Massachusetts.  The robbery spree began on February 21, 2013, after Beamud was released on bail in New Hampshire.  The spree ended when Beamud was arrested in Massachusetts on April 23, 2013, for the bank robberies that occurred there.

In April of 2015, Beamud was arrested for the pharmacy robberies in New Hampshire.  He entered a plea agreement the same day, which was "in furtherance of a global resolution" of the charges brought against him in Massachusetts and New Hampshire.  Doc. no. 2, at *10.

3

As part of the plea agreement, the parties agreed that Beamud's total sentence for the crimes charged in Massachusetts and New Hampshire would be thirty-six years, nine months, and one day.  That sentence includes 141 months for the crimes charged in the District of Massachusetts and 300 months plus one day for the crimes charged in this case.  The plea agreement states:  "the defendant specifically agrees that, although such sentence is the minimum sentence permitted for a second or subsequent violation of 18 U.S.C. § 924(c) under current law, a consecutive twenty-five year sentence is appropriate under the circumstances, even if it were not mandatory."  Doc. no. 2, at *11.  He was sentenced on October 13, 2015.

Currently, Beamud is serving his sentence at the United States Penitentiary – Hazelton ("USP Hazelton") in Bruceton Mills, West Virginia.  Beamud has incurred four disciplinary reports while incarcerated, two of which related to use of drugs or alcohol in prison.[2]  His projected release date is December 4, 2044, and he has served 21% of his full sentence.

The probation officer reports that Beamud has participated in programs and classes, which include drug treatment and education.  He obtained his GED in 2016.  Beamud submitted a

---

[2] Beamud challenges the grounds for two of the reports.

4

letter in support of his motion for reduction in his sentence in which he expresses regret for his actions that resulted in his convictions and sentence, professes to have changed while in prison, describes the challenges family members have faced while he has been in prison, provides the programs and classes that he has participated in, and criticizes the length of his sentence. Beamud's daughter also submitted a statement in support of his motion.

Beamud is now forty years old. He has a history of transient ischemic attacks, known as mini-strokes, and has high cholesterol levels. In September of 2019, Beamud's body mass index was 34.9. The government had Beamud's medical records reviewed by Dr. Gavin Muir, Chief Medical Officer of Amoskeag Health in Manchester, New Hampshire. Based on his review, Dr. Muir's opinion is that Beamud is obese and has cerebrovascular disease.

If he were released from prison, Beamud plans to live with his parents in Puerto Rico or alternatively in an apartment owned by his sister in the Lawrence, Massachusetts area. He states that he has explored options for employment in collections, customer service, and the construction trades. The probation officer spoke with Beamud's sister who stated that their parents are now divorced, that her brother could live in Puerto Rico with their mother in her apartment above a

convenience store she owns and would take care of their mother who has significant health issues. Alternatively, his sister stated that her brother could live with their father, who is a retired Cambridge, Massachusetts, police officer, or in an apartment that she owns.

## Discussion

Beamud asks that his sentence be reduced to time served based on extraordinary and compelling reasons due to the changes in sentencing under § 924(c) and his risk of severe illness if he contracted COVID-19.[3]  In response, the government opposes Beamud's argument based on sentencing changes but acknowledges that he has shown an extraordinary and compelling reason based on his medical conditions in combination with the risks presented by COVID-19.  The government contends that Beamud's motion should be denied because he remains a danger to the community and because the sentencing factors under § 3553(a) weigh against a reduction of his sentence.

---

[3] To the extent Beamud asked for a reduction in his sentence to something more than just time served, he did not develop that theory or provide any guidance as to what sentence was requested.  Further, a sentence of more than time served would not address his concerns about COVID-19 infection.

6

A.  Extraordinary and Compelling Reason

Section 403(a) of the First Step Act, passed in 2018, changed sentencing for § 924(c) convictions to remove stacking sentences for contemporaneous convictions. United States v. Cruz-Rivera, 954 F.3d 410, 411 (1st Cir. 2020). The amendment also provides that the changes apply to those who had committed a crime in violation of § 924(c) but had not yet been sentenced at the time the amendment was enacted. Id. at 412. The First Circuit interpreted Congress's purpose as intending "to put a stop to unreasonably harsh stacked sentences without requiring courts to redo sentences imposed while the old law was in effect." Id.

Some courts have considered the changes to § 924(c) sentencing under the First Step Act as contributing to an extraordinary and compelling reason to support sentence reduction under § 3592(c)(1)(A) for a defendant who was sentenced prior to the amendment. See, e.g., United States v. McCoy, 981 F.3d 271, 288 (4th Cir. 2020); United States v. Nafkha, 2021 WL 83268, at *1 (D. Utah Jan. 11, 2012); United States v. Harris, 2020 WL 7861325, at *7-*13 (E.D. Pa. Dec. 31, 2020) (citing and discussing cases); United States v. Gaines, 2020 WL 7641201, at *2 (W.D. Wash. Dec. 23, 2020); Vigneau, 473 F. Supp. 3d at 36-39. Other courts have declined to do so. United States v. Loggins, 966 F.3d 891, 892 (8th Cir. 2020);

7

United States v. Scott, 2020 WL 7417963, at *4 (N.D. Ind. Dec. 18, 2020).  The issue has not yet been addressed by the First Circuit.

The court need not wade into this disputed area of the law in this case because the government acknowledges that Beamud has shown an extraordinary and compelling reason for reduction of his sentence due to the risk of serious illness if he were to contract COVID 19.  Once an extraordinary and compelling reason is found, the court must determine whether the sentencing factors weigh in favor of reduction, which would also be true if the reason were based on the First Step Act amendment.  In this case, consideration of the sentencing factors precludes a reduction of Beamud's sentence.

B.  Sentencing Factors

Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2), and lists factors for determining an appropriate sentence.  The first two factors are particularly pertinent for purposes of this motion.[4]  The

---

[4] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to avoid unwarranted sentence disparities;" and the seventh factor directs courts to consider the defendant's restitution obligations.

first factor directs the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). The second factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered the § 3553(a) factors when Beamud was sentenced in 2015. The sentencing requirements under § 924(c) and the § 3553(a) factors contributed to and supported the long sentence that was imposed. Although the sentencing framework under § 924(c) has been changed, those changes were not made retroactive.

Beamud asks to have his sentence reduced to time served so that he can be released from prison to avoid the danger of a COVID-19 infection. Even if the court were to reassess Beamud's sentence in light of the changes to sentencing under the First Step Act, his request would not be granted.

In support of his motion for a reduction in his sentence, Beamud calculated that under the current version of § 924(c) he would have a sentencing guideline range of 285 to 314 months, of which 168 months would be mandatory. As Beamud presents it, the recalculated guideline range encompasses the 300-month sentence that was imposed in this case. Therefore, Beamud has not shown that his sentence is entirely out of line with current sentencing standards.

Further, Beamud has only served 92 months to date. He has not completed the sentence of 144 months imposed in the District of Massachusetts. He also has not completed the mandatory sentence under the current version of § 924(c), if that were imposed here.

Beamud's crime spree that lead to his arrest and convictions here and in the District of Massachusetts was serious and dangerous. His drug use and activities and his use of loaded weapons in the commission of those crimes shows that he was then a danger to the community and may remain dangerous. The court views the defendant to be at a high risk of recidivism. The drastic reduction in his sentence that Beamud requests would not be appropriate, and he has not shown that a reduction in his sentence at this time is warranted.

Conclusion

For the foregoing reasons, the defendant's motion for a reduction in his sentence (document no. 23) and the supplemental motion (document no. 31) are denied.

SO ORDERED.

                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

February 1, 2021

cc:  Counsel of record.
     U.S. Probation
     U.S. Marshal